UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lonnial L. Roundtree, *Plaintiff*, v. Tom Dart, *et al.*, *Defendants*. | No. 20 CV 4531 Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

In August 2020, Lonnial L. Roundtree filed this suit under 42 U.S.C. § 1983 against Cook County Health and Hospital Services and several unknown Cook County Jail officers. The original complaint alleged that Roundtree received objectively unreasonable medical care for injuries he suffered following an alleged incident of excessive force on October 24, 2019. [Dkt. 1.][1] The prior judge screened the complaint under 28 U.S.C. § 1915A and concluded that Roundtree stated a plausible claim for objectively unreasonable medical care, but dismissed Cook County Health and Hospital Services and other named entities as improperly named Defendants. [Dkt. 12 at 3, n.2.] Because liability under section 1983 requires personal involvement in any constitutional deprivation, the court explained that Sheriff Tom Dart was an appropriate nominal Defendant for purposes of identifying the unknown Defendants believed to be responsible for the unreasonable medical care. [*Id.* (explaining that Roundtree could name Defendant Dart "in order to identify unknown Defendants," while noting that the complaint asserts no claims against Dart so as to hold him personally liable under § 1983.)] The court permitted early discovery, explaining that once Roundtree learned the identity of any relevant defendants, he could amend his complaint to substitute their names. [*Id.*] The court cautioned, however, that "there is a two-year statute of limitations for civil rights actions; [so] he should therefore attempt to identify the correctional officers as soon as possible." [*Id.* at 3.][2]

On June 28, 2022, Roundtree filed his amended complaint, reasserting his claim that various jail officials "failed to respond appropriately and sometimes did not respond at all" to his serious medical needs, including at times "leaving him apparently in pain." [Dkt. 55 at 23.] The amended complaint named the following fifteen employees as Defendants: A'Shour, Askar, Diaz, Finn, Hantek, Powell, Rafferty, Roman, Telez, and Sheahan, Centeno, Nurse Gresham-Trotter, Shebel,

---

[1] The excessive force claim itself is the subject of *Roundtree v. Dart*, Case No. 20-cv-501.
[2] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

Lewanski, and Anna Lienor.[3] [*Id*. at 1.]

Following fact discovery, Defendants filed a motion for summary judgment. Because Roundtree's claims are barred by the statute of limitations and because he failed to exhaust his administrative remedies, the motion is granted.

### I. Northern District of Illinois Local Rule 56.1

"On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3).

Any party, including a *pro se* litigant, who fails to comply with Local Rule 56.1 does so at their own peril. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district courts are entitled to "strictly enforce" their local rules, even against a pro se litigant); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even *pro se* litigants must follow procedural rules").

Here, Defendants filed a Rule 56.1 statement, and as required by Rule 56.2, Roundtree was served with a "Notice to Unrepresented Litigant Opposing Summary Judgment." [Dkt. 167-3.] This latter filing explains what a motion for summary judgment is and what steps Roundtree needed to take to respond to the motion. Roundtree, however, has neither filed a response brief nor a statement of facts, and his deadline to do so has come and gone many times over. The court set the original response deadline in July 2025, but extended that deadline more than once, including at Roundtree's request. [Dkts. 173, 174, 175.] Most recently, the court provided Roundtree until August 11, 2025 to file his response brief, but as of this Order no filing has been docketed. At some point, the extensions must end. "In managing their caseloads, district courts are entitled to—indeed they must—enforce deadlines." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (cleaned up). It will therefore proceed without the benefit of Roundtree's arguments. Because the motion for summary judgment is unopposed, the factual assertions in the supporting Local Rule 56.1(a)(2) statement are deemed admitted for purposes of summary judgment to the extent that they are supported by the record. *See* LR 56.1(e)(3).[4]

---

[3] According to Defendants, there is no Cook County Sheriff's Office employee by the name of Anna Lienor. [Dkt. 167-1 at 3, n.2.]

[4] While the facts presented in the Rule 56.1 Statement are undisputed, this does not absolve the court of its responsibility to determine whether Defendants have "'show[n] that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in

## II. Background

On October 24, 2019, Roundtree was involved in an altercation while housed as a pretrial detainee at Cook County Jail. [Dkt. 168, ¶ 1.] He was taken by jail staff to the dispensary and was treated by a paramedic, Defendant Centeno. According to Roundtree, he received inadequate medical care from Centeno during the October 24 examination when Centano observed blood on and around Roundtree's wrists and when Roundtree described pain in his shoulder. [*Id.*, ¶ 2; Dkt. 168-2 at 9.] Centano gave Roundtree ibuprofen for his pain, a band-aid and entered a referral for follow up with a doctor and for x-rays. [Dkt. 168-2 at 9, 16-17.]

Later that afternoon, Roundtree spoke with Defendant Rafferty and complained of shoulder pain, asking to be returned to the dispensary. [Dkt. 168, ¶ 5.] Rafferty denied this request, and instructed Roundtree to submit a health service request form to medical staff, which is the form used by detainees to submit complaints and requests to medical staff. [*Id.*, ¶¶ 6-7.]

Roundtree submitted a health service form on October 24, 2019, complaining of shoulder and wrist pain. [*Id.*, ¶ 9.] Defendant Gresham-Trotter, a nurse, examined Roundtree in response to the form the next day, October 25. [*Id.*, ¶ 9.] Gresham-Trotter examined Roundtree, made note of her observations of his pain complaints, and provided him with a course of acetaminophen and a referral for primary care. [*Id.*, ¶ 10; Dkt. 176 at 9.] After Roundtree submitted a second health service request form on October 25, Gresham-Trotter examined Roundtree again on October 26, documenting her observations. [Dkt. 168, ¶ 11.]

Roundtree was assigned to the rehabilitative housing unit ("RU") at Cook County Jail beginning on October 30, 2019. He returned to general population on December 13, 2019, at the latest. [*Id.* ¶¶ 13-14.] Nursing staff is available daily when a detainee is assigned to the RU. [*Id.*, ¶ 15; Dkt. 168-2 at 13.]

While in the RU, Roundtree interacted in one way or another with the remaining Defendants named in this lawsuit. Defendants Sheahan, Diaz, Powell, Roman, Telez, Finn, Askar, Hantek, and A'Shour worked as correctional officers in the RU. Roundtree alleges generally that each of these Defendants delayed his medical care when they did not timely arrange for him to be seen by medical staff in response to his complaints of pain while in the RU. [*Id.*, ¶ 17; Dkt. 168-8.] Similarly, he maintains that in November 2019, he orally complained about his shoulder pain to Defendant Lewanski, a Correctional Rehabilitation Worker in the RU, who did not take adequate steps to assist him. [Dkt. 168, ¶¶ 24-25, 27.] While in the RU,

---

the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)) (noting that summary judgment may not be granted against the nonmovant when she fails to file a response "as some kind of sanction").

Roundtree submitted grievances that were processed by Defendant Shebel. Roundtree maintains that Shebel should have scheduled medical care visits for him in response to those grievances. [Dkt. 168, ¶ 21-22; Dkt. 168-2 at 8.]

Roundtree submitted two more health service forms that complained of shoulder and back pain in November 2019. [Dkt. 168, ¶¶ 27, 31.] A nurse, Felicia Ogbuli, examined Roundtree and provided a course of ibuprofen. On November 15, 2019, Roundtree received an x-ray. [Dkt. 168-2 at 33.] In December 2019, Roundtree was examined by a physician's assistant, Kevin Sims, who referred Roundtree to physical therapy for "strengthening right shoulder sprain." [Dkt. 176 at 22-24.] Roundtree later saw a physical therapist in January 2020, who evaluated him and recommended ways to reduce pain. [*Id.* at 25-29; Dkt. 168, ¶¶ 32-33.] This lawsuit followed.

### III. Legal Standard

Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Wade v. Ramos*, 26 F.4th 440, 446 (7th Cir. 2022) (quoting *Schacht v. Wis. Dept' of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). A party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 646 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### IV. Analysis

#### A. Statute of Limitations

Defendants argue that Roundtree's § 1983 claim for inadequate medical care is barred by the statute of limitations. [Dkt. 167-1 at 8-9.] The court agrees.

Section 1983 does not contain an express statute of limitations so federal courts have adopted the forum state's statute of limitations for personal injury claims. *Fillmore v. Page*, 358 F.3d 496, 508 (7th Cir. 2004). In Illinois, the statute of limitations is two years "after the cause of action accrued." 735 ILCS 5/13–202 (2005); *Flynn v. Donnelly*, 793 Fed. Appx. 431, 434 (7th Cir. 2019); *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). A claim normally accrues "when a plaintiff knows the fact and the cause of an injury." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

Where there is arguably a continuing violation, as here, the accrual of a claim is delayed. *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013). In that circumstance,

4

the clock begins to run "when the course of illegal conduct is complete," even if the harm persists. *Weaver v. Corizon Health*, 2022 WL 61434, at *2 (7th Cir. Jan. 6, 2022); *see Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019).

Although Roundtree has not responded to the argument that his claim is untimely, the court will assume that his inadequate medical care claim was an ongoing, continuous violation—there is no dispute that his complaints of pain and requests for medical follow-up continued in the weeks and months after the events of October 24. For instance, Roundtree submitted health service forms in October and November 2019, and he alleges that his complaints continued even while in the RU. Roundtree also submitted two additional health service forms complaining of shoulder and back pain in November 2019. It was not until December 2019 that Roundtree saw a physician's assistant and was prescribed physical therapy in January for "strengthening right shoulder sprain." [Dkt. 176 at 24.]

Assuming there was a continuing violation, Roundtree was examined by PA Kevin Sims on December 21, 2019 who noted a right shoulder sprain and referred him for physical therapy. [Dkt. 176 at 22-24; Dkt. 168, ¶ 32.] Roundtree saw the physical therapist in January 2020, who assessed him and noted that he had "no overt functional limitations", but also recommended ways to minimize pain, including general stretching and exercises. [*Id.* at 25-29; Dkt. 168, ¶ 33.]

Given this unrefuted evidence, Roundtree's claim against the named Defendants is untimely. Whether his complaint accrued in December 2019 (the date when Sims documented a "sprain/strain" and ordered physical therapy) or in January 2020 (when he had his physical therapy assessment), either event is more than two years before the date of the amended complaint (June 28, 2022), when Roundtree sued each of the named Defendants for the first time. Accordingly, his claim is barred by the statute of limitations.

### B. Exhaustion

Defendants alternatively argue that they are entitled to summary judgment because Roundtree failed to exhaust his administrative remedies. In connection with their motion, Defendants submitted grievance records of grievances Roundtree filed with jail officials between January 2019 and October 2023. [Dkt. 168-12 (documenting 95 grievances).] The records submitted reveal that between October 24 and December 13, 2019, Roundtree submitted nine grievances. [*Id.*, at 1-2, 136-158.]

Defendants argue that although Roundtree had access to the CCDOC grievance procedure during the relevant period, he has not identified any grievance that notified officials of the allegations raised by this lawsuit, such as a grievance explaining that the named Defendants or jail officials generally ignored his complaints of pain or delayed responding to his requests for medical care. [Dkt. 167-1 at 9; Dkt. 168, ¶¶ 40-42.]

5

Under the PLRA, prisoners must "exhaust administrative remedies before filing a federal claim about prison conditions." *Crouch v. Brown*, 27 F.4th 1314, 1320 (7th Cir. 2022). Exhaustion, applied in the summary judgment, requires a defendant official to "demonstrate that the plaintiff [] failed to exhaust the applicable grievance procedures and that those procedures were available to him as a matter of law." *Jones v. Lamb*, 124 F.4th 463, 467 (7th Cir. 2024). The defendant bears the burden of proving the affirmative defense of a failure to exhaust, *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022), which is true even though Roundtree failed to respond to the summary judgment motion. *Thomas v. Kolhouse*, 2025 WL 1483373, at *2 (7th Cir. May 3, 2025).

To satisfy the PLRA's exhaustion requirement, Roundtree must have filed a grievance that raised the same claim as that which is raised in his lawsuit to ensure that "a prison has received notice of, and an opportunity to correct, a problem before being drawn into litigation." *Jackson v. Esser*, 105 F.4th 948, 958–59 (7th Cir. 2024) (internal quotation omitted). To provide adequate notice, a grievance must describe "the nature of the wrong for which redress is sought." *Id.* at 959 (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)).

Here, Roundtree filed nine grievances between October 24 and December 11, 2019, so there is no reason to conclude that the grievance system was unavailable to him. [Dkt. 168-12 at 1-2.] Indeed, many of these grievances complain about the alleged excessive force incident from October 24, 2019.

Roundtree's failure to respond to summary judgment means that he has not come forward with evidence rebutting Defendants' showing that no grievance was ever filed that fairly put CCDOC on notice of his unaddressed complaints of pain or need for medical attention. To satisfy exhaustion, a grievance need not necessarily name a prison official by name. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("that Maddox didn't specifically name the defendants in the grievance was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement.") But here, Roundtree has failed to point to one or more grievances that put CCDOC on notice of his allegations as required by the PLRA, so he failed to exhaust his administrative remedies. *See Jackson*, 105 F.4th at 959. Dismissal for failure to exhaust is warranted.[5]

---

[5] Regarding Defendant Shebel, the court notes that responses (or non-responses) to grievances do not amount to personal involvement for purposes of § 1983. It is undisputed that Shebel's job duties consist of processing detainee grievances, and that she does not provide medical care or direct treatment in response to grievances. [Dkt. 168, ¶ 23.] This necessarily means that she had no personal involvement with any alleged constitutional violation. *See, e.g.*, *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *McCullough v. Galloway*, 2025 WL 227698, at *2 (7th

### V. Conclusion

Final judgment will be entered. If Roundtree wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Roundtree appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non–meritorious, Roundtree could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre–paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Roundtree seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Enter: 20 CV 4531
Date: August 26, 2025

_____
Lindsay C. Jenkins
United States District Court Judge

---

Cir. 2025) ("officials who simply process, review, or reject grievances are not responsible for the underlying conduct.") (citing *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007)). And even if he had a claim against Shebel, it would be time-barred.